# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: N.V. & R.V. III**

**No. 14-0655** (Webster County 12-JA-40 & 12-JA-41)

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christopher Moffatt, appeals the Circuit Court of Webster County's December 11, 2013, order terminating her parental rights, and its March 3, 2014, order denying her post-termination visitation with her children, N.V. and R.V. III, ages fourteen and ten. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem for R.V. III ("GAL"), Michael Ashbury, filed a response supporting the circuit court's orders. The GAL for N.V., Daniel Grindo, filed a response supporting the circuit court's orders.[1] On appeal, Petitioner Mother alleges that the circuit court erred in terminating her parental rights and denying her post-termination visitation because it was in the children's best interest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2012, Child Protective Services ("CPS") initiated a case against the children's biological father following allegations of domestic violence and alcohol abuse in the home. As a result, the family began receiving services to address these issues. In August of 2012, the DHHR filed a petition for abuse and neglect against Petitioner Mother alleging that she failed to protect the children. The petition also alleged that N.V. allegedly had anal sex with a child in the neighborhood and possibly his brother, R.V. III. The petition further alleged that N.V. pulled R.V. III's pants down and touched his privates. Finally, the petition stated that Petitioner Mother knew about the alleged sexual abuse but failed to report the incident to the proper authorities.

By order entered on November 7, 2012, Petitioner Mother was adjudicated as an abusive and neglectful parent. Petitioner Mother stipulated that she was aware of the sexual abuse and failed to notify the proper authorities and protect her children. Petitioner Mother also admitted that she failed to protect the children from the domestic violence and alcoholism of the biological father.

---

[1]While the GAL filed a response in this matter, the Court did not consider the response in reaching its decision in this case because the response was untimely filed and was not accompanied with a motion to file out of time.

The circuit court held a dispositional hearing in December of 2012, during which it granted Petitioner Mother a one-year rehabilitation period. As part of her rehabilitation program, Petitioner Mother was directed to contact the DHHR if the biological father used any drugs or alcohol or committed any acts of domestic violence. By order entered on December 11, 2013, the circuit court terminated Petitioner Mother's parental rights for violating the terms of her rehabilitation period. Specifically, Petitioner Mother knew that the biological father was drinking alcohol on August 17, 2013, and failed to notify the DHHR in violation of the terms of her rehabilitation program. Thereafter, Petitioner Mother moved the circuit court for post-termination visitation.

On February 4, 2014, the circuit court held a hearing on Petitioner Mother's motion for post-termination visitation. Petitioner Mother testified that she was aware that the father was still drinking alcohol. The circuit court also heard testimony from R.V. III's therapist and properly considered the testimony of N.V. Based on the evidence, the circuit court denied Petitioner Mother's motion for post-termination visitation. Petitioner Mother now appeals the circuit court's orders that terminated her parental rights and that denied post-termination visitation.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother raises two assignments of error. First, Petitioner Mother argues that her parental rights should not have been terminated on the basis that she violated the terms of her rehabilitation period when she failed to notify the DHHR that the biological father was drinking alcohol.[2] Upon our review, the circuit court had sufficient evidence upon which to terminate Petitioner Mother's parental rights.

---

[2]The petition for abuse and neglect alleged that the children's biological father abused alcohol that affected his ability to provide for the health, safety, and welfare of his children. The biological father appealed the court court's order denying him post-termination visitation in Case

We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). During the dispositional hearing, the circuit court heard testimony that Petitioner Mother failed to follow her rehabilitation plan directing her to notify the DHHR if the biological father drank alcohol. Petitioner Mother testified that she knew that the biological father was drinking alcohol "on and off" and that her failure to report this to the DHHR was in direct violation of the terms of her rehabilitation program. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child . . . ." As set forth above, this evidence shows that Petitioner Mother failed to follow through with her rehabilitation plan to correct the conditions of abuse and neglect. Further, the circuit court found that termination of Petitioner Mother's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Finally, Petitioner Mother argues that the circuit court erred in denying her post-termination visitation because it was in the children's best interests. This Court has held the following:

> When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 5, *In re Christine L.*, 194 W.Va. 446, 460 S.E.2d. 692 (1995). Our review of the record reveals that the circuit court found the children's need for permanency indicated that post-termination visitation would be contrary to the children's best interests. Importantly, R.V. III's therapist, Jessica Sheeler, testified that post-termination visitation was not in his best interest because it would be confusing and traumatizing. Further, Petitioner Mother failed to present any evidence that post-termination visitation would not be detrimental to her children.

For the foregoing reasons, we find no error in the decisions of the circuit court and its December 11, 2013, and March 3, 2014, orders are hereby affirmed.

---

No. 14-0318. This Court affirmed the circuit court's order denying him post-termination visitation by order entered on August 29, 2014.

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II